IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

KENDRA MICHELLE ELEY,

    Petitioner,

    v.                                      **CRIMINAL ACTION NO. 4:24-cr-77**

UNITED STATES OF AMERICA,

    Respondent.

### *MEMORANDUM OPINION AND ORDER*

Before the Court is Kendra Michelle Eley's ("Petitioner") Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 76 ("Pet'r's Mot."). The Government opposed the motion. ECF No. 78 ("Resp. Opp'n"). This matter is now ripe for judicial determination. For the reasons below, Petitioner's motion is **DISMISSED.**

### I.    FACTUAL AND PROCEDURAL HISTORY

On November 12, 2024, Petitioner and her co-defendant were named in a Six-Count Indictment charging Petitioner with Conspiracy to Commit Bank Fraud in violation of 18 U.S.C. §§ 1349 and 1344 (Count One), Bank Fraud in violation of 18 U.S.C. §§ 1344 and 2 (Count Two), False Claims in violation of 18 U.S.C. §§ 287 and 2 (Counts 3 and 4), and Engaging in Monetary Transactions in Criminally Derived Property in violation of 18 U.S.C. §§ 1957 and 2 (Counts 5 and 6). ECF No. 1. On March 6, 2025, Petitioner pled guilty to Counts Three and Five of the Indictment. ECF Nos. 34, 35. On July 15, 2025, the Court sentenced Petitioner to 36 months imprisonment on Count Three, and 36 months imprisonment on Count Five to run concurrently. ECF Nos. 56, 60.

1

On October 14, 2024, Petitioner filed a *pro se* Motion for Compassionate release. ECF No. 65. On February 13, 2026, Petitioner filed the instant Motion for Compassionate Release through counsel. ECF No. 76. On March 9, 2026, the Government filed its Response in Opposition. ECF No. 78.

According to her Presentence Investigation Report ("PSR"), between October 11, 2022, and May 24, 2023, Petitioner filed eight tax returns for her business, Kendra Designs by Kendra ("KDK"), covering the 2020 and 2021 tax periods. PSR, ECF No. 50 ¶ 14. For the 2020 tax period, Petitioner filed four tax returns reporting false wages and federal tax withholdings for eighteen purported employees. *Id.* ¶ 16.

For the 2021 tax period, Petitioner filed four tax returns, reporting false and or fraudulent amounts for wages paid and federal tax withholdings for eighteen and/or ten purported employees. *Id* ¶ 17. On these four forms, Petitioner claims false and/or fraudulent Sick and Family Leave Credits and/or Employee Retention Credits ("ERC"), totaling approximately $713,000.00 and $252,000.00, respectively, with total refunds claimed of over $900,000. *Id.* Based on Petitioner's filings, the Internal Revenue Service ("IRS") issued two refund checks in December 2022 to "Kendra M. Eley, Kendra Cleans Maid Services ("KCMS")", in the amounts of $259,410.00 and $389,640.00, respectively. *Id.* ¶ 18. On December 14, 2022, Petitioner deposited $59,410.00 into a business checking account and $200,000 into a money market account. *Id.* ¶ 19.

On December 23, 2022, Petitioner and co-defendant Rejohn Whitehead opened a business checking account at Woodforest National Bank in the name of KCMS. *Id.* ¶ 20. To open the account, Petitioner and Whitehead made materially false representations to Woodforest National Bank about the nature of KCMS. *Id.* ¶ 21. On January 9, 2023, Petitioner transferred $20,000.00 to Whitehead from the KCMS business account. *Id.* ¶ 23. On January 21, 2023, Petitioner and

Whitehead conducted a $40,000.00 transfer from the KCMS business account. *Id.* ¶ 24. In total, Petitioner received $649,050.00 in refund checks from the IRS. *Id.* ¶ 18.

## II.  LEGAL STANDARD

A petitioner may bring a motion to modify their sentence after they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [petitioner]'s behalf or the lapse of 30 days from the receipt of such a request by the warden of the [petitioner]'s facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release has two options after requesting that the Bureau of Prisons ("BOP") bring a motion on their behalf: (1) exhaust their administrative remedies; or (2) wait 30 days from the date of their initial request to the BOP. *United States v. Muhammad*, 16 F.4th 126, 131 (4th Cir. 2021) ("§ 3582(c)(1)(A) outlines two routes – one of which does not require exhaustion of administrative remedies.").

In other words, a petitioner may satisfy the threshold requirement if they "request[] the Bureau of Prisons to bring a motion on their behalf and *either* fully exhaust[] all administrative rights to appeal the Bureau's decision *or* wait[] 30 days from the date of their initial request to file a motion in the district court." *Id.* (emphasis in original). Thus, a petitioner who made a request to the BOP at least 30 days prior may seek compassionate release with the district court whether the BOP has ruled on the request or not. *Id.* (holding petitioner satisfied the threshold requirement by filing his compassionate release motion 149 days after submitting a request to the warden, which the warden denied) (citing *United States v. Garrett*, 15 F.4th 335, 338 (5th Cir. 2021); *United States v. Harris*, 973 F.3d 170, 171 (3rd Cir. 2020); and *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020)). Moreover, the threshold requirement is a non-jurisdictional claim-processing rule, and thus may be waived or forfeited if not timely raised. *Id.* at 129-30 (collecting cases from sister

3

circuits holding the same).

### III.   DISCUSSION

The Court finds that it lacks the authority to rule on Petitioner's Motion because Petitioner has not satisfied the threshold requirement. Here, Petitioner alleges that she submitted a request for compassionate release to the warden on October 21, 2025. Pet'r's Mot. at 6. Petitioner further alleges that the warden failed to respond to her request within thirty days. *Id.* However, the Petitioner has not attached a letter confirming denial and the Government argues that according to BOP records Petitioner has failed to apply to the warden of her facility for compassionate release. Resp. Opp'n at 4. Thus, Petitioner has failed to provide documentation to show that she has met the threshold requirement. *See Muhammed*, 16 F.4th at 129 (discussing threshold requirement which "plainly requires [the defendant] to complete certain steps before filing his motion in the district court....").

Accordingly, Petitioner must provide proof from the BOP that she submitted a request for compassionate release at least 30 days before filing for relief in the U.S. District Court. *See United States v. Wilson*, 2021 WL 6116837, at *1 (4th Cir. Dec. 27, 2021) (finding the defendant failed to provide "objective evidence to establish his satisfaction of the statutory threshold requirement."). The Court finds no reason to waive the exhaustion requirements since Petitioner had, and still has, ample time to properly comply with § 3582(c)(1)(A). *See United States v. Marshall*, 2020 U.S. App. LEXIS 36134 at *5 (4th Cir. 2020) ("The requirements outlined in § 3582 (c)(1)(A) are mandatory, non-jurisdictional claim-processing rules that must be followed."); *see also Muhammed*, 16 F.4th at 131. Therefore, the Court does not have the authority to consider Petitioner's compassionate release request because she has not exhausted her administrative remedies.

4

## IV.    CONCLUSION

For the foregoing reasons, Petitioner's Motion for Compassionate Release is **DISMISSED**. ECF No. 76. Petitioner may renew her request for compassionate release once she exhausts her administrative remedies.

The Clerk is **DIRECTED** to send a copy of this Order to the Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States Marshals Service.

**IT IS SO ORDERED**.

Newport News, Virginia
July *13*, 2026

Raymond A. Jackson
United States District Judge